```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

JAMES EDWARD BROGDON, JR., *et al.*,   *

    Plaintiffs,   *

vs.   *   CASE NO. 4:23-CV-88 (CDL)

FORD MOTOR COMPANY,   *

    Defendant.   *

## O R D E R

The Court entered a protective order that permits Ford Motor Company to designate as confidential documents that contain commercially sensitive and/or proprietary information which has been treated as confidential. The protective order provides that if the receiving party disagrees with the "Protected" designation of any document and if the parties cannot resolve the dispute, the designating party must ask the Court for a determination on the issue. The parties cannot agree on the designation of nine exhibits, so Ford filed a motion to preserve the confidential designations. As discussed below, the motion (ECF No. 26) is granted as to Exhibit 575 but otherwise denied.

## DISCUSSION

Plaintiffs challenge the confidentiality designation of nine exhibits, which the parties refer to by their exhibit numbers from the Gwinnett County action, *Hill v. Ford*: Plaintiffs' Exhibit 114,

Plaintiffs' Exhibit 133, Plaintiffs' Exhibit 133A, Plaintiffs' Exhibit 135, Plaintiffs' Exhibit 138, Plaintiffs' Exhibit 154, Plaintiffs' Exhibit 236, Plaintiffs' Exhibit 643, and Plaintiffs' Exhibit 575.  These documents include Ford's research into proposed changes to a safety standard on roof strength, as well as Ford's detailed design specifications for specific products.  The present question for the Court is whether good cause exists for allowing Ford to designate the exhibits as confidential.  Good cause exists if the exhibits contain commercially sensitive, proprietary information that has been kept confidential.  Ford presented evidence that the documents do contain commercially sensitive, proprietary information that has generally been kept confidential.  Plaintiffs, though, argue that the documents have been publicly disclosed because they were admitted as evidence in the *Hill* trials, so there is no cause to protect them in this case.[1]

It is undisputed that eight of the exhibits (all but Exhibit 575) were admitted into evidence at the *Hill* trials.[2]  Exhibit 575 was not.  Based on the present record, there is no indication that Ford has waived any confidentiality protection to Exhibit 575.

---

[1] Plaintiffs also argue that because some of the documents are nearly twenty years old, they are no longer entitled to protection.  Ford, though, presented evidence that although the documents are old, they reveal information about Ford's confidential processes, which Ford continues to use.  *E.g.*, Krishnaswami Aff. ¶ 9, ECF No. 26-7.  Based on the present record, the Court cannot conclude that the documents are no longer entitled to protection simply because they are old.
[2] The first *Hill* trial ended in a mistrial.

2

Plaintiffs pointed to no evidence that Exhibit 575 was admitted into evidence at either *Hill* trial or that it was the subject of any testimony during either *Hill* trial. Plaintiffs did not establish that Exhibit 575 was publicly disclosed. Accordingly, Ford's motion to preserve the confidentiality designation of Exhibit 575 is granted. Nothing in this ruling should be interpreted to mean that the Court will automatically grant a motion to restrict Exhibit 575 if it is relied on in support of or opposition to a motion or during a hearing or trial.

Plaintiffs argue that because the rest of the exhibits were admitted during one of the *Hill* trials, Ford waived any confidentiality claim as to those exhibits. There is no dispute that Exhibits 114, 133, 133A, 135, 138, 154, 236, and 643 ("*Hill* trial exhibits") were admitted into evidence during one of the *Hill* trials. Ford argues that it has not waived any confidentiality protection for those exhibits because the protective order in *Hill* provided that confidential exhibits would still be treated as confidential, and the *Hill* court ordered that all exhibits to the trial transcript be filed under seal. Def.'s Mot. for Confidential Designation Ex. E, Stipulated Sharing and Non-Sharing Protective Order ¶ 12 (State Court of Gwinnett Cnty. Mar. 17, 2020), ECF No. 26-5; Def.'s Mot. for Confidential

Designation Ex. B, Order to File Document Under Seal (State Court of Gwinnett Cnty. Dec. 5, 2022), ECF No. 26-2.[3]

Ford acknowledges that excerpts of *Hill* trial exhibits were shown on a screen in the courtroom and that any members of the public who were in the courtroom or watching on Courtroom View Network's broadcast of the trial could see those excerpts. Ford does not dispute that testimony was elicited about the *Hill* trial exhibits in open court so that any members of the public in the courtroom or watching the CVN broadcast could observe it. Ford nonetheless argues, without citing any authority, that the *Hill* trial exhibits remain confidential in their entirety even though parts of them were shown and testified about in open court. So, although Ford cannot seriously dispute that an exhibit which has been publicly disclosed in open court does not retain confidentiality, Ford's argument is that the excerpts shown at the *Hill* trials and the trial testimony about the exhibits did not reveal enough detail to the public (whether attending the trial in person or via CVN) to constitute a waiver of confidentiality for the *Hill* trial exhibits.

The Court declines to grant wholesale confidentiality protection for exhibits that were at least partially disclosed in

---

[3] Plaintiffs filed a motion to modify the protective order, and the *Hill* court denied it. Def.'s Mot. for Confidential Designation Ex. C, Am. Order Denying Pls.' Mot. to Modify Protective Order (State Court of Gwinnett Cnty. Sept. 5, 2023), ECF No. 26-3.

4

open court. Even if Ford had argued that only those portions of the exhibits that were actually shown or discussed in open court should lose their confidentiality protection, Ford presented nothing from which the Court can determine what those portions are—no copies of the exhibits, no explanation of what excerpts were shown in open court, no transcripts of trial testimony that would allow the Court to determine what portions of the exhibits were publicly disclosed in open court. Thus, Ford did not establish which, if any, portions of the *Hill* trial exhibits have been shielded from public disclosure such that Ford should be entitled to maintain the confidential designations of those exhibits in this action. Accordingly, Ford's motion to preserve the confidential designations is denied as to Exhibits 114, 133, 133A, 135, 138, 154, 236, and 643.

## CONCLUSION

For the reasons set forth above, Ford's motion to preserve confidential designations (ECF No. 26) is granted as to Exhibit 575 but otherwise denied.

IT IS SO ORDERED, this 8th day of January, 2024.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA