IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JAMES EDWARD ("Dusty") BROGDON, JR., as Executor of the Estate of Debra Sue Mills, deceased, and JAMES EDWARD BROGDON, JR., and RONALD BRIAN ("Rusty") BROGDON, Individually and as surviving children of Debra Sue Mills, | CIVIL ACTION NO.: 4:23-cv-00088-CDL |
| And | |
| JAMES EDWARD BROGDON, JR., as Executor of the Estate of Herman Edwin Mills, deceased, and JASON EDWIN MILLS, Individually and as surviving child of Herman Edwin Mills, | |
| Plaintiffs, | |
| v. | |
| FORD MOTOR COMPANY, | |
| Defendant. | |

**DEFENDANT FORD MOTOR COMPANY'S REPLY TO PLAINTIFFS' RESPONSE TO FORD'S MOTION TO EXCLUDE NET WORTH EVIDENCE [DOC. 282]**

Defendant, Ford Motor Company ("Ford") files this reply to Plaintiffs' Response to Ford's Motion to Exclude Ford's net worth evidence [Doc. 282].

### INTRODUCTION

The facts in *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 123 S. Ct. 1513 (2003), are instructive. In reinstating the jury's $145 million-dollar punitive damage verdict, the Utah Supreme Court had relied "in large part on the extensive evidence concerning the PP & R policy" and it relied upon "State Farm's 'massive wealth.'" 123 S. Ct. at 1519. In discussing both bases, the United State Supreme Court noted that unlike compensatory damages, "punitive damages serve a broader function; they are aimed at deterrence and retribution." *Id.* In other words,

1

the Court had before it *the same* argument for using net worth and wealth to achieve "proportional justice." After recognizing both arguments for reinstating the award, the Court then held that "[t]he Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor." *Id.* at 1519-20., With respect to the second justification, relying upon net worth, the Court remarked that, "[j]ury instructions typically leave the jury with wide discretion in choosing amounts, and the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses, particularly those without strong local presences." *Id.* at 1520. The Court next recited the guideposts announced in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589 (1996), none of which mentions wealth or proportional justice, holding:

> Under the principles outlined in *BMW of North America, Inc. v. Gore*, this case is neither close nor difficult. It was error to reinstate the jury's $145 million punitive damages award.

*Id.* at 1521.

While much of the Court's discussion concerns what evidence was inadmissible and neither related to the harm to the Campbells nor tied to "harm to the people of Utah," with respect to—State Farm's massive wealth—the Court held:

> *The remaining premises for the Utah Supreme Court's decision bear no relation to the award's reasonableness or proportionality to the harm.* They are, rather, arguments that seek to defend a departure from well-established constraints on punitive damages. *While States enjoy considerable discretion in deducing when punitive damages are warranted, each award must comport with the principles set forth in Gore.* Here the argument that State Farm will be punished in only the rare case, *coupled with reference to its assets* (which, of course, are what other insured parties in Utah and other States must rely upon for payment of claims) had little to do with the actual harm sustained by the Campbells. The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award.

*Id.* at 1525. (emphasis added).

In this section, the Court first casts doubt on the continued viability of the concept of proportional justice. The Court next reinforces that a state's ability to impose punitive damages is limited to that state's interests, a theme discussed elsewhere in the Court's discussion on federalism. No state is a policeman for the other forty-nine states. Third, the Court notes that State Farm's "assets" are what other insured inside and outside of Utah rely upon to pay claims, "had little to do with the actual harm sustained by the Campbells." *Id.* Had proportional justice been a factor, the Court could have affirmed the award, under the same argument the Plaintiffs make in this case—it must be large enough to get the Defendant's attention to achieve "deterrence." But that did not happen.

## ARGUMENT

If the above three legal principles are applied here, it is clear that net worth evidence is inadmissible for the purposes it is being offered.[1] First, it has nothing to do with reasonableness or "proportionality to the harm." Second, it is a departure from the *Gore* guidelines that mention nothing about wealth. Third, it encompasses assets that belong to shareholders and that will be used to pay employees and invest in a multitude of new products and safety features, in addition to funding research, all of which has "little to do with the actual harm sustained" by the Mills.

## CONCLUSION

For the foregoing reasons, Ford respectfully requests the Court grant its Motion *in Limine* concerning Ford's financial condition, wealth, or profits.

---

[1] This is not to say that net worth evidence can never be admissible, as the Court in *State Farm* noted. But those situations would be limited to when the Defendant puts at issue its ability to pay as a defense.

Respectfully submitted this 10th day of December, 2024.

/s/ *Michael R. Boorman*
Michael R. Boorman
Georgia Bar No.: 067798
Philip A. Henderson
Georgia Bar No.: 604769
WATSON SPENCE LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 2320
Atlanta, GA 30308
Telephone: 229-436-1545
mboorman@watsonspence.com
phenderson@watsonspence.com

Charles E. Peeler
Georgia Bar No.: 570399
Harold D. Melton
Georgia Bar No.: 501570
TROUTMAN PEPPER HAMILTON
SANDERS LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308-2216
harold.melton@troutman.com
Charles.peeler@troutman.com

Elizabeth B. Wright
*Admitted Pro Hac Vice*
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
Elizabeth.wright@thompsonhine.com

Paul F. Malek
*Admitted Pro Hac Vice*
HUIE, FERNAMBUCQ & STEWART, LLP
3291 US Highway 280, Suite 200
Birmingham, AL 35243
pmalek@huielaw.com

                                      Michael W. Eady
                                      Admitted *Pro Hac Vice*
                                      THOMPSON, COE, COUSINS & IRONS, LLP
                                      2801 Via Fortuna Drive, Suite 300
                                      Austin, Texas 78746
                                      (512) 708-8200
                                      meady@thompsoncoe.com
                                      ***Attorneys for Defendant Ford Motor Company***

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

James E. Butler, Jr.
Ramsey B. Prather
Daniel E. Philyaw
Allison Bailey
BUTLER PRATHER LLP
105 13th Street
Post Office Box 2766
Columbus, GA 31902
jim@butlerprather.com
ramsey@butlerprather.com
dan@butlerprather.com
allison@butlerprather.com

Larae Dixon Moore
PAGE SCRANTOM SPROUSE TUCKER & FORD
1111 Bay Avenue 3rd Floor
P.O. Box 1199
Columbus, GA 31902
lmoore@pagescrantom.com

This 10th day of December, 2024.

/s/ *Michael R. Boorman*
Michael R. Boorman
Georgia Bar No.: 067798