```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION
```

JAMES EDWARD BROGDON, JR., *et al.*,   *

    Plaintiffs,                         *

vs.                                     *

                                     CASE NO. 4:23-CV-88 (CDL)

FORD MOTOR COMPANY,                     *

    Defendant.                           *

O R D E R

    The only thing rarer than a civil jury trial in federal court these days is a jury trial that does not include a substantial amount of canned deposition testimony.  The Court understands lawyers' inclination to favor deposition testimony, particularly when critical admissions have been captured in the transcript and/or video.  And the Court also appreciates the extra expense and logistical challenges of having witnesses testify live.  But it has also been the Court's experience over the last two decades that there is no substitute for live witness testimony where the witness testifies under oath in open court subject to cross examination in front of the factfinders who must evaluate the witness's credibility.  Therefore, the Court, consistent with the Federal Rules of Civil Procedure and Evidence, has a strong preference for live testimony, unless exceptional circumstances exist or the Federal Rules specifically authorize prior sworn testimony in lieu of live testimony.

The Court has been bombarded with a plethora of deposition designations for the upcoming trial in this action. Abundant objections have been made; but likely because of the enormity of the task, many of those objections are not adequately explained and thorough responses to the objections are virtually nonexistent for similar reasons. Yet, the Court is expected to parse through hundreds of lines of prior sworn testimony (some of which has already been considered by a state court judge) and decide these objections in advance of trial without a full appreciation of the context in which the testimony may be admitted. Moreover, it appears that some of the prior testimony has been designated out of an abundance of caution and may never be tendered, thus making the Court's undertaking all for naught. This is a waste of judicial time and resources which could also affect the quality of the rulings. Accordingly, the Court notifies the parties as follows:

1. All witnesses must testify live unless they are excused from testifying under the Federal Rules of Civil Procedure and/or Federal Rules of Evidence. As the Court understands the Rules, that means any witness who resides in Georgia must testify live, unless exceptional circumstances can be shown as to why they are otherwise unavailable.
2. For those witnesses whose prior trial testimony and/or deposition testimony is authorized to be presented under

the Federal Rules in lieu of live testimony, the Court does not intend to rule on objections in advance of trial. Opposing counsel shall object at the time the objectionable question is asked and the Court will make a ruling from the bench at trial just as if the witness was testifying live.  In addition to improving the quality of the ruling because the Court will be able to consider the objection in the proper context, this deferral of ruling on the objections until trial should give counsel additional opportunity to thoughtfully consider whether certain designated testimony should be undesignated in light of legitimate objections and whether some objections should be withdrawn upon further reflection and not insisted upon at trial.

3. To facilitate an efficient trial and out of respect for the time of the jurors, counsel should inform opposing counsel as soon as they are aware of the following: (a) that they will definitely not be calling a witness by deposition, prior sworn trial testimony, or live; and (b) for witnesses whose testimony they do intend to present, whether they intend to present the testimony live or via prior sworn testimony.

4. As previously ordered at the pretrial conference, Defendant shall identify its trial representative by **January 3, 2025**,

so that Plaintiffs will know whether that person will be available in the courtroom to call as a witness if necessary, and will know that other potential trial representatives will not be physically present in the courtroom to be called live without the issuance of a subpoena.

IT IS SO ORDERED, this 27th day of December, 2024.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
