IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JAMES EDWARD BROGDON, JR., *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | CASE NO. 4:23-CV-88 (CDL) |
| | * | |
| FORD MOTOR COMPANY, | * | |
| | * | |
| Defendant. | * | |

O R D E R

Ford Motor Company filed a motion in limine (ECF No. 231) to limit Plaintiffs' "Evidence of Other Incidents" at trial. The Court allowed Plaintiffs to submit a supplemental expert affidavit in opposition to the motion, and it permitted Ford to make specific objections to Plaintiffs' proffered similar incident evidence. Order 11-12 (Dec. 17, 2024), ECF No. 297. The Court reviewed the supplemental affidavit, as well as Ford's specific objections, and the Court finds that Ford's motion to exclude the other similar incident ("OSI") evidence should be denied.

DISCUSSION

In a product liability case, if "a party seeks to admit prior accidents or occurrences involving the opposing party to show . . . 'notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, [or] causation,' the

substantial similarity doctrine applies." *Henderson v. Ford Motor Co.*, 72 F.4th 1237, 1242 (11th Cir. 2023) (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661–62 (11th Cir. 1988)); *accord Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997). "The doctrine 'does not require identical circumstances, and allows for some play in the joints depending on the scenario presented and the desired use of the evidence.'" *Henderson*, 72 F.4th at 1243 (quoting *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1288, 1287 (11th Cir. 2015)). But, to be admissible, a prior incident "must be similar enough to the present incident 'to allow the jury to draw a reasonable inference' regarding the defendant's knowledge or ability to foresee the incident at issue." *Id.* (quoting *Sorrels*, 796 F.3d at 1288). And, it "must not have occurred too remote in time." *Id.* (quoting *Jones*, 861 F.2d at 662). The purpose of this rule is "to limit the substantial prejudice that might inure to a party should" dissimilar "past occurrences or accidents be admitted into evidence." *Heath*, 126 F.3d at 1396.

In his supplemental expert affidavit, Plaintiffs' engineering expert, Brian Herbst, explained that he and other automotive engineers regularly rely on other similar incidents in reaching their opinions on the safety of vehicle designs, including roof structure designs. Herbst 2d Aff. ¶¶ 4-5, ECF No. 302-1. To determine whether an "other incident" involving a rollover crash is sufficiently similar to the subject incident, Herbst considers

the following "touchstones": "(1) common design of the vehicle with similar or the same roof structure; (2) the commonly designed roofs crushed down in a rollover; (3) the vehicles were not carrying an extraordinary amount of payload weight; (4) the failure modes of roof components were substantially similar; and (5) Ford knew, or should have known, about the rollover incident." *Id.* ¶ 8. According to Herbst, each of the 110 OSI incidents he identified for this case meets these touchstones. *Id.* So, according to Herbst, each of the other vehicles had the same roof structure or a similar roof structure as the Millses' truck, the vehicles were involved in rollover wrecks like the Millses' wreck where the roof crushed during the rollover, and the failure modes of the roof components in the other vehicles were substantially similar to the failure modes of the roof components in the Millses' truck. Ford's arguments to the contrary go to the weight of Herbst's testimony regarding the OSI evidence, not its admissibility. For these reasons, the Court is satisfied the OSI evidence proffered by Plaintiffs is sufficiently and substantially similar to be admitted for the purposes for which Plaintiffs seek to admit it.

Ford also argues that the OSI evidence should be excluded as inadmissible hearsay. It is the Court's understanding that Plaintiffs intend to introduce the OSI evidence to show notice of the defect, among other things, and not for the truth of the matter

3

asserted. If the OSI is introduced for that purpose, then it is not hearsay. Moreover, in forming their opinions, experts like Herbst are allowed to rely on evidence that is not otherwise admissible—including hearsay evidence—as long as that type of evidence is reasonably relied on by experts in the field to form opinions. *Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 809 (11th Cir. 2017); *accord* Fed. R. Evid. 703. Herbst stated in his affidavit that automotive engineers routinely consider OSI evidence in evaluating the crashworthiness of roof structure designs. The Court therefore denies Ford's motion to exclude the OSI evidence on hearsay grounds.

Finally, Ford seeks to exclude the OSI evidence under Federal Rule of Evidence 403. The Court rejects Ford's argument that the probative value of the OSI evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. It is not. Ford also argues that allowing Plaintiffs to present evidence of all 100+ other similar incidents would be needlessly cumulative, result in undue delay, and waste the jury's time. The Court is concerned that allowing the introduction of all 100+ other similar incidents would be unnecessarily cumulative and unreasonably expand the trial. Thus, the Court directs that Plaintiffs' counsel choose a sample of 50 cases representative of the OSI evidence to introduce. If Ford's counsel opens the door to the admission of additional OSI evidence by suggesting that the

4

sample represents the entire universe of other similar incidents, Plaintiffs' counsel should alert the Court at that time, and the Court will decide whether additional OSI evidence should be admitted.

## CONCLUSION

For the reasons set forth above, the Court denies Ford's motion in limine regarding "Evidence of Other Incidents" (ECF No. 231).  Nothing in this order should be construed as permitting evidence the Court previously concluded is inadmissible on other grounds, such as evidence of the disposition or settlement of other claims.

IT IS SO ORDERED, this 23rd day of January, 2025.

                                              S/Clay D. Land
                                              CLAY D. LAND
                                              U.S. DISTRICT COURT JUDGE
                                              MIDDLE DISTRICT OF GEORGIA