IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JAMES EDWARD ("Dusty") BROGDON, JR., as Executor of the Estate of Debra Sue Mills, deceased, and JAMES EDWARD BROGDON, JR., and RONALD BRIAN ("Rusty") BROGDON, Individually and as surviving children of Debra Sue Mills, <br><br> And <br><br> JAMES EDWARD BROGDON, JR., as Executor of the Estate of Herman Edwin Mills, deceased, and JASON EDWIN MILLS, Individually and as surviving child of Herman Edwin Mills, <br><br>    Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br>    Defendant. | CIVIL ACTION NO.: <br> 4:23-cv-00088-CDL |

**DEFENDANT FORD MOTOR COMPANY'S MOTION TO STRIKE**

Defendant Ford Motor Company ("Ford") files this Motion to Strike the questioning and testimony of certain current and former Ford employee witnesses regarding documents where no proper foundation under Fed. R. Evid. 602 was presented beforehand.

**INTRODUCTION**

Late in the day on Tuesday, February 4, 2025, an issue was raised regarding the admissibility of certain exhibits that were used during the 2017 videotaped depositions of several then Ford employees and former Ford employees that were played for the jury. While the "Ford" documents in question were not claimed by Ford to be unauthentic, the objection was that each document was presented to the witness without an adequate Fed. R. Evid. 602 foundation. Those

1

objections were made before trial to the designated deposition testimony. The following exchange during the videotaped deposition of Carl Zaas is exemplary of the problem and Ford's objection:

> Q: Isn't it true, sir, that these 1999 through 2016 Ford Super Duty trucks had the weakest roof of any car or truck sold by Ford Motor Company?
>
> A: I don't know.
>
> Q: Showing you Plaintiffs' Exhibit Number 164. This is a document produced to us by Ford which is entitled at the top, if you'll look at it, you'll see it says, "Roof Crush Resistance (Ford Internal)." You see that"
>
> A: Yes, I do.
>
> Q: That right? And look all the way over to the right, it shows the 2001 F-250 Super Cab; do you see that"
>
> A: Yes.
>
> Q: And this document indicates that the super – the Super Duty F-250 has the lowest strength to weight ratio of – for the roof of any of these Ford cars or trucks; correct?
>
> A: It would appear that's what this is – says. ***I don't know this document***.
>
> \*   \*   \*
>
> Q: How did Ford calculate the strength of roofs?
>
> A: I – I'm – I'm not – I don't – I'm not sure. I'm not sure how the r requirement was calculated. We just had the requirement to meet.

Carl Zaas testimony designated at pages 1004:21-1005:12 and 1005:23-1005:1 (emphasis added).

This same pattern occurred with other witnesses as well. It occurred with Sal Caruso in connection with PX 187a, a document dated 2-11-1966; Jason Balzar in connection with PX 218 (Safety Cage Design in the Volvo XC 90), PX 164, 164a, and PX 255 (Autoliv 2009 safety canopy rollover sensor test); Joseph Weisharr in connection with PX 155a (Volvo XC90 Brochure), and PX 255; and Ram Krishnaswami in connection with PX 256 (a federal regulation).

## Argument

During the hearing the next day, Court remarked that:

> So I know Defense Counsel is upset with the way he uses these documents with these witnesses, but as to the admissibility of the exhibits I will hear from Mr. Malek or whoever wants to respond as to why this is more complicated than what I've just described. *I don't really want to hear about how he's using them, and how these people don't know about them, and all that. We will get to that in a minute… I'm not talking about a witness now. We're going to get to whether these witnesses could or could not testify about these things*. I'm talking about this document.

Rough Daily Tr. February 5, 2025, at pp. 2-3.

While the documents were, with one exception, admitted over objection, the issue of whether "these witnesses could or could not testify about these things," was unfortunately not reached.

Rule of Evidence 602 is an independent foundational proof requirement. *See* Fed. R. Evid. 602. "A witness may testify to a matter ***only if*** evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *Id.* (emphasis added). "Evidence to prove personal knowledge may consist of the witness's own testimony." *Id*. "Personal knowledge" refers to what a witness directly observes or perceives, and generally does not include what a witness may have learned from hearsay statements from other people or in documents. *See U.S. v. Evans*, 484 F.2d 1178, 1181 (2nd Cir. 1973) (a matter is within a witness's personal knowledge when it is "derived from the exercise of his own senses, not from the reports of others—in other words, [it] must be founded on personal observation" (quoting 2 Wigmore, Evidence, 3d ed. 1940, § 657)); *Revis v. T&A Farms*, No. 5:14-CV-88, 2017 WL 2415915, at *2 n.1 (S.D. Ga. June 2, 2017) (a witness does not have "personal knowledge" of a fact because she saw a document that allegedly included a statement by an unknown person attesting to that fact).

The problem here is that no attempt was made to lay a foundation with each of these witnesses regarding the above-identified documents. Indeed, little was even known about what

3

each witness did when they came to work, let alone why they should have known about these documents. In most cases, the witness disavowed personal knowledge of the document.

Each of the witnesses participated in Ford's Enhanced Roof Strength Project (ERSP). Photographs like PX 255 involved events several years after the ERSP Project ended. Other documents such as PX187a occurred decades earlier and had nothing to do with the ERSP project. No foundation was presented with any witness regarding the bar chart in PX 164 and 164a. The only "foundation" came from the attorney asking the questions. But that is not how Fed. R. Evid. 602 works. Except for corporate designated deponents, a witness, like all the ones at issue here, cannot simply be asked questions about documents with which they are unfamiliar, merely to portray the witness and the witness's employer, in a bad light.

## Requested Relief

Because Rule of Evidence 602 was not complied with in connection with the testimony of these witnesses and the indicated exhibits, Ford seeks a curative instruction from the Court directing that the jury disregard all testimony from these witnesses regarding the indicated documents because the foundation required for discussing the documents—personal knowledge—was not properly presented.

Respectfully submitted this 6th day of February, 2025,

/s/ Michael R. Boorman
Michael R. Boorman
Georgia Bar No.: 067798
Philip A. Henderson
Georgia Bar No.: 604769
WATSON SPENCE LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 2320
Atlanta, GA 30308

Telephone: 229-436-1545
mboorman@wastonspence.com
phenderson@watsonspence.com

Charles E. Peeler
Georgia Bar No.: 570399
Harold D. Melton
Georgia Bar No.: 501570
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308-2216
harold.melton@troutman.com
charles.peeler@troutman.com

Elizabeth B. Wright
*Admitted Pro Hac Vice*
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
elizabeth.wright@thompsonhine.com

Paul F. Malek
*Admitted Pro Hac Vice*
HUIE, FERNAMBUCQ & STEWART, LLP
3291 US Highway 280, Suite 200
Birmingham, AL 35243
pmalek@huielaw.com

Michael W. Eady
Admitted *Pro Hac Vice*
THOMPSON, COE, COUSINS & IRONS, LLP
2801 Via Fortuna Drive, Suite 300
Austin, Texas 78746
(512) 708-8200
meady@thompsoncoe.com
**Attorneys for Defendant Ford Motor Company**

5

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

James E. Butler, Jr.
Ramsey B. Prather
Daniel E. Philyaw
Allison Bailey
BUTLER PRATHER LLP
105 13th Street
Post Office Box 2766
Columbus, GA 31902
jim@butlerprather.com
ramsey@butlerprather.com
dan@butlerprather.com
allison@butlerprather.com

Larae Dixon Moore
PAGE SCRANTOM SPROUSE TUCKER & FORD
1111 Bay Avenue 3rd Floor
P.O. Box 1199
Columbus, GA 31902
lmoore@pagescrantom.com

Frank M. Lowrey, IV
Michael B. Terry
Bondurant Mixson & Elmore LLP
1201 West Peachtree Street NW, Suite 3900
Atlanta, GA 30309
lowrey@bmelaw.com
terry@bmelaw.com

This 6th day of February, 2025.

*/s/ Michael R. Boorman*
Michael R. Boorman
Georgia Bar No.: 067798