IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JAMES EDWARD ("Dusty") BROGDON, Jr., as Executor of the Estate of Debra Sue Mills, deceased, and JAMES EDWARD BROGDON, Jr., and RONALD BRIAN ("Rusty") BROGDON, Individually and as surviving children of Debra Sue Mills, <br><br> and <br><br> JAMES EDWARD BROGDON, Jr., as Executor of the Estate of Herman Edwin Mills, deceased, and JASON EDWIN MILLS, Individually and as surviving child of Herman Edwin Mills, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | CIVIL ACTION FILE <br> NO. 4:23-cv-00088-CDL |

**FORD'S SUPPLEMENTAL BRIEF IN SUPPORT OF
ITS MOTION FOR JUDGMENT AS A MATTER OF LAW
(Failure to Warn)**

COMES NOW Defendant Ford Motor Company ("Ford") and submits this Supplemental Brief in support of its Motion for Judgment as a Matter of Law:

**I.      Introduction**

Ford moved for Judgment as a Matter of Law on Plaintiffs' failure to warn claim on Friday, February 7, 2025. In response, Plaintiffs argue *Ford Motor Co. v. Gibson*, 283 Ga. 398, 403 (2008) applies, and avers that the burden to present affirmative evidence of proximate causation in failure-to-warn claims can be satisfied without actually producing affirmative evidence. However, neither

1

Georgia nor federal courts in the aftermath of *Gibson* have dispensed with causation in this fashion. Instead, since *Gibson*, Georgia courts have held causation remains an affirmative element of proof.

**II.     Argument**

In 1995, the Georgia Court of Appeals held that "[w]hen suits are grounded on either a strict liability or a negligence theory, proximate causation is a necessary element of the plaintiff's case." *Wilson Foods Corp. v. Turner*, 218 Ga. App. 74 (1995) (quoting *Powell v. Harsco Corp.*, 209 Ga. App. 348, 350(2) (1993)). The Court, almost thirty years after *Wilson Foods Corp.*, continues to require plaintiffs to affirmatively prove proximate causation in failure to warn claims. *See Karekezi v. Pinnacle Sys., Inc.*, 367 Ga. App. 391(1) (2023), *cert. denied*, (Oct. 11, 2023) (finding ". . . proximate causation is a necessary element of a failure to warn claim.") (quoting *Davis v. John Crane, Inc.*, 353 Ga. App. 243, 251(2)(b)(2019)); *Thurmon v. Georgia Pacific, LLC, et al.*, 650 Fed.App'x. 752, 761 (11th Cir. 2016)("[A] failure-to-warn claim, whether grounded on a strict liability or negligence theory, requires proof that the defendant's allegedly defective product proximately caused the plaintiff's injuries.").

Moreover, in *Whitehead v. Green*, 365 Ga. App. 610 (2022), Green, the estate of a minor who drowned in the Whitehead's pool, brought a wrongful death action against the Whiteheads and a products liability action against the pool manufacturer, White Pools, Inc. *See id.* at 610. The trial court denied the Defendants' motions for summary judgment, and they appealed. *Id.* In evaluating Green's failure-to-warn products liability claim against White Pools, the court held that Green failed to present evidence to support a reasonable inference that any warning would have prevented the decedent's injuries, and, accordingly, that the trial court erred in denying White Pool's motion for summary judgment. *See id.* at 629.

Here, Plaintiffs assert a failure-to-warn claim against Ford. The aforementioned cases show

2

that *Gibson*, decided in 2008, has not altered Georgia law on the issue of causation in failure-to-warn claims. On the contrary, recent decisions illustrate that Plaintiffs *must* affirmatively prove the element of proximate causation in order to succeed on a failure-to-warn claim. However, Plaintiffs has failed to adduce any evidence to support their failure-to-warn claim against Ford. Just as in *Whitehead*, Plaintiffs have not presented any evidence that would support a reasonable inference that any warning from Ford would have prevented Mr. and Mrs. Mills' injuries. Therefore, because the Plaintiffs in this case are unable to prove the crucial element of causation through affirmative evidence, the court must dismiss their failure-to-warn claim as a matter of law.

### III. Conclusion

For the foregoing reasons, Ford respectfully submits that this Motion for Judgment as a Matter of Law be granted as to Plaintiffs' failure-to-warn claim.

Respectfully submitted this 11th day of February 2025.

*/s/ Michael R. Boorman*
Michael R. Boorman
Georgia Bar No.: 067798
Philip A. Henderson
Georgia Bar No.: 604769
WATSON SPENCE LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 2320
Atlanta, GA 30308
Telephone: 229-436-1545
mboorman@watsonspence.com
phenderson@watsonspence.com

Charles E. Peeler
Georgia Bar No.: 570399
Harold D. Melton
Georgia Bar No.: 501570
TROUTMAN PEPPER HAMILTON
SANDERS LLP

600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308-2216
harold.melton@troutman.com
Charles.peeler@troutman.com

Elizabeth B. Wright
*Admitted Pro Hac Vice*
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
Elizabeth.wright@thompsonhine.com

Paul F. Malek
*Admitted Pro Hac Vice*
HUIE, FERNAMBUCQ & STEWART, LLP
3291 US Highway 280, Suite 200
Birmingham, AL 35243
pmalek@huielaw.com

Michael W. Eady
Admitted *Pro Hac Vice*
THOMPSON, COE, COUSINS & IRONS, LLP
2801 Via Fortuna Drive, Suite 300
Austin, Texas 78746
(512) 708-8200
meady@thompsoncoe.com
***Attorneys for Defendant Ford Motor Company***

4

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

James E. Butler, Jr.
Ramsey B. Prather
Daniel E. Philyaw
Allison Bailey
BUTLER PRATHER LLP
105 13th Street
Post Office Box 2766
Columbus, GA 31902
jim@butlerprather.com
ramsey@butlerprather.com
dan@butlerprather.com
allison@butlerprather.com

Larae Dixon Moore
PAGE SCRANTOM SPROUSE TUCKER & FORD
1111 Bay Avenue 3rd Floor
P.O. Box 1199
Columbus, GA 31902
lmoore@pagescrantom.com

Frank M. Lowrey, IV
Michael B. Terry
Bondurant Mixson & Elmore LLP
1201 West Peachtree Street NW, Suite 3900
Atlanta, GA 30309
lowrey@bmelaw.com
terry@bmelaw.com

This 11th day of February, 2025.

/s/ *Michael R. Boorman*
Michael R. Boorman
Georgia Bar No.: 067798