IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JAMES EDWARD ("Dusty") BROGDON, Jr., as Executor of the Estate of Debra Sue Mills, deceased, and JAMES EDWARD BROGDON, Jr., and RONALD BRIAN ("Rusty") BROGDON, Individually and as surviving children of Debra Sue Mills, <br><br>and<br><br>JAMES EDWARD BROGDON, Jr., as Executor of the Estate of Herman Edwin Mills, deceased, and JASON EDWIN MILLS, Individually and as surviving child of Herman Edwin Mills,<br><br>    Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 4:23-cv-00088-CDL |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTION FOR TAXATION OF COSTS**

Plaintiffs file this Reply in support of their Motion for Taxation of Costs. Ford does not oppose the vast majority of Plaintiffs' costs. For the few expenses with which Ford takes issue, Plaintiffs show the following:

I.   **Plaintiffs' Private Process Server Fees Are Taxable.**

In the interest of expediency, Plaintiffs consent to Ford's suggested removal of the "Same Day Service Fee" of $50 from the bill of costs. Plaintiffs object to any further reduction of this cost.

1

As Ford acknowledges, the fees associated with the service of process, including by private process servers, may be recovered at the rate charged by the U.S. Marshal. The U.S. Marshal presently charges $65.00 per hour for the service of pleadings, and the private process server charged $105 for the service of Plaintiffs' Complaint upon Ford. This breaks down to under two hours for the service of the Complaint—hardly an unreasonable expenditure of time. Nor is the printing cost of $0.20 per page an excessive rate. *See, e.g.*, *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 982 (N.D. Ill. 2003) (Denlow, M.J.) ("Furthermore, Showboat's copy rate per page, $0.18, is within the range of reasonable rates.").

Plaintiffs thus ask that Ford be taxed $108.60 for process server fees.

## II.     The Deposition of Chris Eikey Is Wholly Taxable.

Ford argues that the costs incurred by Plaintiffs in the taking of the deposition of Chris Eikey, Ford's retained expert and quasi-representative in both this matter and the related matter of *Yraguen v. Ford*, ought to be split in half because Plaintiffs took a single deposition for use in both cases. Doc. 391 at 3. Essentially, Ford wants Plaintiffs to be penalized for a decision that was made in the interests of prudence and economy. Ford argues this without any citation to authority, likely because no authority would support such a measure.

Depositions are often used in more than one matter, and there is no reason to waste time and resources to depose the same witness twice unless truly necessary. *Accord Walker v. Blitz USA, Inc.*, No. 1:08-CV-121-ODE, 2009 WL 10669635, at *3 (N.D. Ga. Feb. 24, 2009) (Evans, J.) (reasoning that the Federal Rules of Civil Procedure permit the use of a deposition from a prior action in a currently pending action "in light of the twin goals of fairness and efficiency"). No authority supports splitting a deposition's costs into tiny pieces and allocating them among all the cases in which that deposition might potentially be cited. The law is plain—if a deposition

2

relates to issues in the case and the deposition was used at trial or in conjunction with a summary judgment motion, then the costs are recoverable. *Trawick v. Carmike Cinemas, Inc.*, 430 F. Supp. 3d 1354, 1370–71 (M.D. Ga. 2019) (Land, J.) (citing *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000); *accord Watson v. Lake Cty.*, 492 F. App'x 991, 996 (11th Cir. 2012) (per curiam).

Ford omits one key fact in its request to split the costs of the Eikey deposition between two cases—the deposition itself was not split into two segments between *Brogdon* and *Yraguen*. This was not a situation in which half the deposition was taken purely for purposes of *Brogdon* discovery, and then counsel and the deponent took a break and reconvened for a second, purely *Yraguen* portion of the deposition. To put it another way, counsel did not convene to take two depositions in a single sitting. *One* deposition of Mr. Eikey was taken, and the deposition was used *in its entirety* for both *Brogdon* and *Yraguen*.

Obviously, Plaintiffs cannot recover the costs of this deposition twice, and Plaintiffs will not be permitted to recover the costs of Mr. Eikey's deposition post-judgment in *Yraguen*. For purposes of *this* motion, however, there is no reason to split the cost of a deposition that was, in its entirety, related to the issues of this case and necessarily obtained in the course of discovery.

### III. "Logistics" Costs Were a Necessary Part of Deposition Expenses.

Plaintiffs consent to the reduction of fees for any deposition charges labeled "Priority Request" or "Rough Draft." While Plaintiffs feel that such expenses were necessary given the timing of discovery deadlines, the filing of dispositive motions, and subsequent *Daubert* briefing in this matter, Plaintiffs also acknowledge that these sorts of costs are traditionally viewed as incurred "for the convenience of counsel." For this reason, Plaintiffs consent to the removal of

any "Priority Request" and "Rough Draft" charges incurred in the taking of these depositions from the calculation of the total bill of costs. These charges total $5,578.98. *See* Doc. 391 at 6–8.

Beyond this, however, all remaining costs were reasonably incurred in the taking of depositions that were "necessarily obtained for use in the case." As stated in Plaintiffs' motion, the cost of reasonable and necessary fees charged by the court reporter (including appearance fees and per diem expenses) and the cost of transcript copies may of course be recovered through the taxation of costs under Section 1920(2). *See United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir. 1963). *See also Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002) (per curiam) ("The court reporter's appearance fee is necessary to take a deposition."). None of the remaining charges Ford highlights were "incurred solely for the convenience of counsel," and do not fall into the category of costs that cannot be statutorily taxed.

The majority of the costs Ford complains of are described as "Logistics, Processing & Electronic Files." Doc. 391 at 4–9. Ford offers no explanation for how these costs could have possibly been incurred "for the convenience of counsel." These were logistical fees charged by the court reporting service agreed to and used by both Plaintiffs and Ford in this case (Veritext). Ford also fails to explain how the court reporting service's expenses (entered simply as "Expenses" on the invoice) could possibly fall into the category of untaxable costs incurred solely for the convenience of counsel. These were not Plaintiffs' counsel's expenses—they were Veritext's expenses, associated with Veritext's services. *See Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983) (holding that the amount claimed for travel expenses and fees of a court reporter were taxable as costs "if 'necessarily obtained for use in the case.'") (internal citation omitted).

So it follows with the other complained-of charges. Ford does not explain why "Professional Attendance" is an expense incurred for the convenience of Plaintiffs' counsel. These fees are appropriately taxed as part of the costs for the court reporter's presence and service. They are regularly awarded as part of a party's bill of costs. *See, e.g.*, *Blanco v. Samuel*, No. 21-CV-24023, 2023 WL 4160667, at *7 (S.D. Fla. Apr. 14, 2023) (Goodman, M.J.), *report and recommendation adopted*, No. 21-24023-CIV, 2023 WL 4160639 (S.D. Fla. June 23, 2023) (awarding costs of professional attendance fee among other deposition charges); *Harris v. Pub. Health Tr. of Miami-Dade Cnty.*, No. 19-CV-25298-KMM, 2021 WL 12146906, at *2 (S.D. Fla. Aug. 16, 2021) (Louis, M.J.), *report and recommendation adopted*, No. 1:19-CV-25298-KMM, 2021 WL 12146925 (S.D. Fla. Sept. 13, 2021) ("The undersigned also recommends the Court award costs for the 'professional attendance' fee for the court reporter's attendance at Mary Harris' July 6, 2020 deposition[]. Court reporter fees are taxable as costs because the attendance of a court reporter at a deposition is directly related to the preparation of the transcript."); *Krouse v. Am. Sterilizer Co.*, 928 F. Supp. 543, 545 (W.D. Pa. 1996) (McLaughlin, J.) ("Therefore, the amount requested for attendance fees and the costs of the original transcripts are taxable.").

Ford's last objection to deposition costs relates to the fact that many depositions were conducted remotely, with both parties' consent. Ford argues that it cannot be taxed for "Virtual Services" or "Realtime Services" because the costs of a remote deposition are not taxable. Ford cites only one case, from 2012, in support of this contention. Doc. 391 at 9. This precedent was, of course, written years before the COVID-19 pandemic would make remote depositions not only common, but often the default choice of counsel. *Phillipe v. Zimmer US, Inc.*, No. 21-CV-80388, 2022 WL 4632327, at *3 (S.D. Fla. Sept. 15, 2022) (Matthewman, M.J.), *report and recommendation adopted*, No. 9:21-CV-80388-KAM, 2022 WL 4598714 (S.D. Fla. Sept. 30,

5

2022) ("The Undersigned is not recommending that the charges for "Veritext Virtual Primary Participants" or "Exhibit Share" be removed since *remote depositions are a norm in our post-pandemic society, and those charges are clearly tied to the remote nature of the deposition.*") (emphasis added). *See also, e.g.*, *St. Xavier Univ. v. Mossuto*, No. 20-CV-05206, 2023 WL 4901261, at *2 (N.D. Ill. Aug. 1, 2023) (Coleman, J.); *Siwak v. Xylem, Inc.*, No. 19 C 5350, 2021 WL 5163289, at *1 (N.D. Ill. Nov. 5, 2021) (Feinerman, J.). Moreover, Ford never objected to conducting these depositions remotely at the time the parties conferred to arrange dates and locations. Ford cannot claim that such costs are unreasonable now.

    **IV.**    **Mr. Herbst's Roundtrip Airfare Is Taxable.**

Finally, Ford takes issue with expert witness Brian Herbst's travel expenses. Mr. Herbst lives in Goleta, California. To testify for two days in the *Brogdon* trial, Mr. Herbst had to drive from his home to the Santa Barbara Airport, fly to Atlanta, Georgia, and then drive to Columbus, Georgia. "A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence[.]" 28 U.S.C. § 1821(c)(1).

As Ford admits, Plaintiffs are not required to submit an actual receipt for the flight taken by Mr. Herbst from Santa Barbara Airport to Hartsfield-Jackson Airport, and then back again. *Trepel v. Roadway Express, Inc.,* 266 F.3d 418, 425 (6th Cir. 2001). What 28 U.S.C. § 1821(c)(1) requires is some evidence of the actual cost, which Plaintiffs have provided. Ms. Perkins, who is in charge of Butler Prather's expenses, has sworn an affidavit stating that the firm spent $1,307 for Mr. Herbst's roundtrip flight. Ford need only check flight prices on Delta.com to know that $1,307 will purchase only "basic" airfare from Santa Barbara, California to Atlanta, Georgia. *See also Spirit of Aloha Temple v. Cnty. of Maui*, No. CV 14-00535 SOM-WRP, 2024 WL 1543584,

at *4 (D. Haw. Feb. 1, 2024) (Porter, M.J.), *report and recommendation adopted*, No. CV 14-00535 SOM/WRP, 2024 WL 1011389 (D. Haw. Mar. 8, 2024), *aff'd*, No. 23-3453, 2025 WL 943143 (9th Cir. Mar. 28, 2025) ("Further, although 28 U.S.C. § 1821(c)(1) provides that witnesses traveling by common carrier 'shall utilize a common carrier at the most economical rate reasonably available,' *it does not require that counsel's declaration include such statement*.") (emphasis added).

Ford has provided no authority for the proposition that an affidavit from the person who oversees Butler Prather's expenses and a declaration from a member of counsel are not sufficient "other evidence" of the cost of Mr. Herbst's roundtrip airfare.

## CONCLUSION

For all the reasons stated above, Plaintiffs consent to the reduction of the taxation of costs by $5,628.98 and oppose all other reductions. Plaintiffs ask that costs be awarded in the amount of $44,755.54.

Respectfully submitted this 15th day of April, 2025.

/s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
Georgia Bar No. 099625
jim@butlerprather.com
RAMSEY B. PRATHER
Georgia Bar No. 658395
ramsey@butlerprather.com
DANIEL E. PHILYAW
Georgia Bar No. 877765
dan@butlerprather.com
ALLISON B. BAILEY
Georgia Bar No. 478434
allison@butlerprather.com
BUTLER PRATHER LLP
105 13th Street
Post Office Box 2766
Columbus, GA 31902
(706) 322-1990

LARAE DIXON MOORE
Georgia Bar No. 223379
lmoore@pagescrantom.com
PAGE SCRANTOM SPROUSE
TUCKER & FORD
1111 Bay Avenue 3rd Floor
P.O. Box 1199
Columbus Georgia 31902
(706) 324-0251

MICHAEL D. TERRY
Georgia Bar No. 702582
terry@bmelaw.com
FRANK LOWREY VI
Georgia Bar No. 410310
lowrey@bmelaw.com
BONDURANT MIXSON & ELMORE
1201 W. Peachtree Street NW
Suite 3900
Atlanta, Georgia 30309

*Attorneys for Plaintiffs*

8