IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JAMES EDWARD ("Dusty") BROGDON, Jr., as Executor of the Estate of Debra Sue Mills, deceased, and JAMES EDWARD BROGDON, Jr., and RONALD BRIAN ("Rusty") BROGDON, Individually and as surviving children of Debra Sue Mills, | * * * * * * * | |
| and | * * | CIVIL ACTION FILE |
| JAMES EDWARD BROGDON, Jr., as Executor of the Estate of Herman Edwin Mills, deceased, and JASON EDWIN MILLS, Individually and as surviving child of Herman Edwin Mills, | * * * * * * * * | NO. 4:23-cv-00088-CDL |
| Plaintiffs, | * * * | |
| v. | * * | |
| FORD MOTOR COMPANY, | * * * | |
| Defendant. | * | |

**PLAINTIFFS' SURREPLY IN RESPONSE TO FORD'S ACCUSATION OF "MISCONDUCT" MADE AGAINST PLAINTIFFS' COUNSEL**

Ford filed a motion *in limine* to prevent any mention of the *Hill* case at all, including "the verdict, actual or punitive." Doc. 234 ¶ 5 at 13–14. The Court deferred ruling on that motion. Doc. 297 at 12 ("5"). The Court specifically

1

instructed counsel: "If the Court defers ruling on a particular issue . . . the parties have a duty to raise the issue at trial in order to preserve any argument or objection."[1]  *Id.* at 1.  That does not mean, as Ford suggests, that the proponent of the evidence must give notice of some sort or raise the objection for the other side.

Yet when, in Phase 2, Plaintiffs tendered a Ford financial document that explicitly referenced the *Hill* verdicts, PX 759, Ford made no objection to that reference.  Ford did not claim in any post-trial motion that the Court's admission of PX 759 was error, nor did Ford make such a claim in its reply brief.  Instead, Ford accused Plaintiffs' counsel of "misconduct" after Plaintiffs' counsel brought the *Hill* reference in PX 759 to Ford's attention in Plaintiffs' own brief.  Doc. 397 at 4 ("Plaintiffs cannot excuse the jury's misconduct with their own.").

Precisely what Ford claims constituted "misconduct" by Plaintiffs' counsel is not clear.  Ford cannot credibly claim that Plaintiffs' counsel surprised Ford by using PX 759 at trial.  PX 759 had been listed on Plaintiffs' Exhibit List since November 21, 2024, and PX 759 was provided to Ford months in advance of trial.  Nor can Ford credibly claim that it was surprised by the contents of that exhibit.

---

[1] The Court's instruction conformed with Eleventh Circuit law, which requires a party to object to preserve error in the admission of testimony, even when the admission violates an *in limine* order (which the admission of PX 759 did not). *See Boyd v. Alabama Dep't Of Corr.*, 296 F. App'x 907, 909 (11th Cir. 2008); *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1285 (11th Cir. 2000).

PX 759 is a Ford document *certified and signed by Ford's own executives* that Ford filed with the U.S. Securities and Exchange Commission.

Ford appears to insinuate that Plaintiffs' counsel intentionally misled Ford into believing that only "excerpts" of all of Ford's financial documents were being offered into evidence during Phase 2 of the trial.  Doc. 397 at 6 ("When Plaintiffs proffered 'excerpts' of Ford's securities reports…").  But that is not true, as the Record clearly shows.  During Phase 2 of the trial, Plaintiffs' counsel Mr. Philyaw tendered five exhibits: "Plaintiffs' Exhibit 755-A, 756-A, 757-A, 758-A, [and] 759."  Doc. 374 (Vol. 10) at 43:25-44:1. Plaintiffs' counsel stated that "those are **excerpts of the four Ford Form 10-K reports**, for the years 2019 through 2022, **as well as the 10-Q through Q-3**, of 2023 that Dr. Brooks reviewed [which is PX 759]." *Id*. at 44:1-3.  Each of the four excerpted Form 10-K reports was plainly identified by the suffix "-A", while the complete Form 10-Q report was identified by its regular exhibit number, PX 759.

Ford knew what PX 759 was and what it contained. Ford's failure to object at trial on grounds that exhibit contained Ford's own reference to the *Hill* verdict—both when PX 759 was tendered and before the exhibits were sent back with the jury—and Ford's failure to object to the admission of that exhibit post-trial was not caused by any alleged "misconduct" of Plaintiffs' counsel.  *See Goulah v. Ford Motor Co.*, 118 F.3d 1478, 1483 (11th Cir. 1997) ("An objection on one ground

will not preserve an error for appeal on other grounds."). Ford's argument that it "reasonably assumed Plaintiffs' 'excerpts' excluded improper references to the *Hill* verdict" is completely baseless. Ford counsel had had the exhibit *for months*. The duty to object, if it had an objection, was entirely Ford's. The Court cannot rule upon an objection not made.[2]

Ford *elected* not to object to admission of PX 759 because of Ford's own reference therein to the *Hill* verdict. Certainly, the fact of the *Hill* verdict was relevant and admissible in Phase 2.[3] Ford's lawyers likely thought the jury knowing about the Hill verdict could help Ford. That certainly could cause a jury to be disinclined to impose another large punitive damages verdict since, according to Ford's document PX 759, Ford had already been "punished."

---

[2] Ford was represented at trial by five law firms from four states. Ford had an army of highly paid and experienced lawyers at trial. Ford had an actively engaged "appellate counsel" present throughout the entire trial. Ford's lawyers objected constantly, and Ford's lawyers also requested that several specific exhibits be redacted before being shown to the jury. It is not credible that these lawyers simply "assumed" that references to Hill had been redacted from PX 759. Nor is it credible that these lawyers believe that their failure to object to PX 759 could be excused simply because they purportedly "assumed" that references to Hill had been redacted from PX 759.

[3] "Under Georgia law, a jury may, in determining the amount of punitive damages, consider 'previous awards of punitive damages against the defendant.'" *Holman v. Burgess*, 199 Ga. App. 61, 62–63 (1991); *see also* 66.750 Punitive Damages; Amount; Guidelines, Georgia Suggested Pattern Jury Instructions - Civil 66.750 (jury to consider "the previous awards of punitive damages against the defendant (for the same or similar conduct)").

Ford knew when it filed its post-trial motions (Docs. 380 & 381) that PX 759 had been admitted into evidence, and Ford made no complaint about that. Ford knew when it filed those motions that evidence of the *Hill* verdicts *had been admitted* in Phase 2, and Ford made no complaint about that. As noted in Plaintiffs' response brief, admitted evidence is, by definition, not extraneous.

In sum, Ford *has never objected* to admission into evidence of PX 759 on the grounds it contained Ford's own references to the *Hill* verdicts. There will be no basis for Ford to complain about admission of PX 759 on appeal. *See Love v. Acting Sec'y, Dep't of Homeland Sec.*, No. 23-11089, 2023 WL 7272316, at *1 (11th Cir. Nov. 3, 2023) ("Generally, we do not consider arguments raised for the first time on appeal in a civil case."). Ford failed to inform the Court about an objection to PX 759 and the admission of PX 759 destroys Ford's "extraneous evidence" argument.

Ford cannot blame Plaintiffs' counsel for Ford's own election not to object. This 24th day of April, 2025.

          Respectfully submitted,

          */s/ James E. Butler, Jr.*
          JAMES E. BUTLER, JR.
          Georgia Bar No. 099625
          jim@butlerprather.com
          RAMSEY B. PRATHER
          Georgia Bar No. 658395
          ramsey@butlerprather.com
          DANIEL E. PHILYAW

Georgia Bar No. 877765
dan@butlerprather.com
ALLISON B. BAILEY
Georgia Bar No. 478434
allison@butlerprather.com
BUTLER PRATHER LLP
105 13th Street
Post Office Box 2766
Columbus, GA 31902
(706) 322-1990

LARAE DIXON MOORE
Georgia Bar No. 223379
lmoore@pagescrantom.com
PAGE SCRANTOM SPROUSE
TUCKER & FORD
1111 Bay Avenue 3rd Floor
P.O. Box 1199
Columbus Georgia 31902
(706) 324-0251

MICHAEL D. TERRY
Georgia Bar No. 702582
terry@bmelaw.com
FRANK LOWREY VI
Georgia Bar No. 410310
lowrey@bmelaw.com
BONDURANT MIXSON & ELMORE
1201 W. Peachtree Street NW
Suite 3900
Atlanta, Georgia 30309

*Attorneys for Plaintiffs*

6