**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

JAMES EDWARD ("Dusty") BROGDON, Jr.,      *
as Executor of the Estate of Debra Sue Mills,      *
deceased, and JAMES EDWARD BROGDON, Jr.,      *
and RONALD BRIAN ("Rusty") BROGDON,      *
Individually and as surviving children of      *      CIVIL ACTION FILE
Debra Sue Mills,      *
      *      NO. 4:23-cv-00088-CDL
and      *
      *
JAMES EDWARD BROGDON, Jr.,      *
as Executor of the Estate of Herman Edwin Mills,      *
deceased, and JASON EDWIN MILLS,      *
Individually and as surviving child      *
of Herman Edwin Mills,      *
      *
      *
      Plaintiffs,      *
      *
      *
v.      *
      *
FORD MOTOR COMPANY,      *
      *
      *
      Defendant.      *


**PLAINTIFFS' RESPONSE TO DEFENDANT FORD'S JUNE 16**
**"NOTICE IN CONNECTION WITH MEDIATION"**


By its "Notice" (Doc. 403), it appears that Ford Motor Company has terminated the

mediation. Ford has told the Court the mediation was "unsuccessful." Plaintiffs have not

terminated the mediation, nor has the mediator, Hon. L. Scott Coogler. As recently as yesterday

June 17 there were still communications between Plaintiffs' lead counsel, Judge Coogler, and

Ford counsel Mr. Malek, as part of the mediation process. As stated previously, Plaintiffs remain

ready, willing, and able to settle this case.

Ford also attempts in its "Notice" to make new arguments in connection with those portions of Ford's motion for new trial regarding the supposedly "extraneous information" that was in fact admitted into evidence without objection by Ford's lawyers.  Briefing closed on Ford's motion for a new trial months ago.  Nevertheless, Plaintiffs respond as follows out of an abundance of caution:

In its Notice, Ford states that it "seeks guidance from the Court as to whether the Court would like Ford to file under seal or otherwise provide the Court the recordings of post-trial interviews referenced in Mr. Peeler's declaration [Doc. 381-1] and Mr. Hyde's declaration [Doc. 381-2]."  Doc. 403 at 1 (brackets in original).  There is so much wrong with this request that it is difficult to know where to begin.

*First*, Ford's deadline to file a motion for new trial was March 14—28 days after the Court entered the judgment in this case.  Fed. R. Civ. P. 59(b).  If Ford had evidence to provide the Court in connection with its motion, Ford was required to provide the evidence *with the motion*.  For example, in *U.S. v. Abcasis*, the Court refused to consider post-trial "tape-recordings" of a conversation with a juror because "the record was not submitted in conjunction with" the motion for new trial.  811 F. Supp. 828, 835–36 (E.D.N.Y. 1992).  Ford did not provide these recordings to the Court with its motion or at any time thereafter.[1]

In Plaintiffs' response to Ford's motion for new trial (Doc. 392), Plaintiffs even *challenged* Ford to present to the Court and Plaintiffs all supposed information Ford supposedly had obtained from any jurors during its investigation of the Court's jurors.  *See* Doc. 392 at 11–

---

[1] Ford did not even make any claim that Hyde recorded any conversations with any juror until Ford filed the Notice on June 16.  Despite representing to the Court in the Notice that there are "recordings of post-trial juror interviews referenced in . . . Mr. Hyde's declaration [Doc. 381-2]," no such "recordings" are referenced therein.  Doc. 403 (brackets in original).

12 (stating "Ford did not disclose the 'recordings' of the Peeler/Wright conversations with Juror 36 and 'voicemail' referenced in the Peeler Declaration. . . . Ford disclosed nothing about how it was that Mr. Hyde came to speak to Juror number 6, and nothing about what was actually said to and by that juror, and Ford disclosed no recordings of that conversation – or of conversations Mr. Hyde has had with other jurors."). <u>Despite that challenge, i</u>n its reply brief Ford elected to reveal nothing to the Court or to Plaintiffs.

Ford had a legal duty to present its post-trial motions and arguments, and any actual "evidence" supporting same, within 28 days after the judgment. Fed. R. Civ. P. 59(b). Ford made the election not to do so. It is too late now, *more than three months* after that duty reposed in Ford, for Ford to ask the Court "for guidance" whether the Court "would like" for Ford to now do what Ford elected not to do. Whatever it is Ford claims to have and that Ford claims is "evidence", Ford forfeited its ability to rely on any such thing. *Abcasis*, 811 F. Supp. at 835–36.

But even if Ford had timely provided these supposed recordings to the Court with its motion or even with its reply brief, the recordings would have been irrelevant. "A recording [of a juror] does not have the force of a sworn testimony or a sworn testimony." *Abcasis*, 811 F. Supp. at 835–36. A recording is just hearsay. *Id.* "'No per se rule requires the trial court to investigate the internal workings of the jury whenever a defendant asserts juror misconduct.'" *U.S. v. Brown*, 934 F.3d 1278, 1303 (11th Cir. 2019) (citation and quotation marks omitted). A district court has a duty to investigate "'*only when* the party alleging misconduct makes an adequate showing of extrinsic influence to overcome the presumption of jury impartiality.'" *Id.* (emphasis added) (quoting *U.S. v. Barshov*, 733 F.2d 842, 851 (11th Cir. 1984)). This requires "clear, strong, substantial and incontrovertible evidence that a specific, nonspeculative impropriety has occurred." *Brown*, 934 F.3d at 1303 (emphasis added). A post-trial hearsay

3

recording of a juror does not come close to meeting this standard.  *See, e.g.*, *Abcasis*, 811 F. Supp. at 835–36.  Plaintiffs maintain their position that there's no warrant for any "investigation by the Court."  *See* Plaintiffs' Response to Ford's MNT, Doc. 392 at 13–16.

There are many other reasons why the Court should reject Ford's request that the Court consider Ford's purported post-trial recordings of jurors.

For example, Ford's Notice invites the Court to commit reversible error, which is likely Ford's goal.  Federal Rule of Evidence 606(b)(1) is very clear that "the Court ***may not receive*** a juror's affidavit or evidence of a juror's statement" regarding "matters" deemed inadmissible under that rule, including "any statement made or incident that occurred during the jury's deliberations; the effect of anything on [a] juror's vote; or any juror's mental processes concerning the verdict[]."  Despite this crystal-clear prohibition against the Court "receiving" any such evidence, Ford *admits* in its Notice that the recordings Ford wants to provide to the Court of jurors' supposed conversations with Ford's lawyers and investigators contain "certain information that may be inadmissible under Federal Rule of Evidence 606(b)(1)."  The Court cannot "receive" such recordings.  Once that bell is rung, it cannot be unrung.

The recordings Ford wants to present to the Court were also created in violation of the Middle District of Georgia's Local Rule 4.3.  That rule states that "attorneys, parties, or anyone acting on their behalf *shall not* contact any juror without express permission of the Court and under such conditions the Court may prescribe." LR 48.3 (emphasis added).  Ford has admitted that it flagrantly violated this rule by having its lawyers and investigators contact jurors and make recordings that intrude on the jury's sacrosanct deliberations.  The Court can reject Ford's request that the Court consider these recordings on that basis alone.  *See* Plaintiffs' Response to Ford MNT, Doc. 392 at 10–11.

4

## CONCLUSION

Plaintiffs remain willing to continue the mediation of this case. Plaintiffs are compelled to respond to Ford's Notice and to respectfully request that the Court reject Ford's extraordinarily belated request for the Court to consider the supposed hearsay recordings Ford's lawyers and investigator made of jurors after the trial in violation of Federal Rule of Evidence 606 and Local Rule 4.3.

Respectfully submitted, this 18th day of June, 2025.

/s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
Georgia Bar No. 099625
jim@butlerprather.com
RAMSEY B. PRATHER
Georgia Bar No. 658395
ramsey@butlerprather.com
DANIEL E. PHILYAW
Georgia Bar No. 877765
dan@butlerprather.com
ALLISON B. BAILEY
Georgia Bar No. 478434
allison@butlerprather.com
BUTLER PRATHER LLP
105 13th Street
Post Office Box 2766
Columbus, GA 31902
(706) 322-1990

LARAE DIXON MOORE
Georgia Bar No. 223379
lmoore@pagescrantom.com
PAGE SCRANTOM SPROUSE TUCKER &
FORD
1111 Bay Avenue 3rd Floor
P.O. Box 1199
Columbus Georgia 31902
(706) 324-0251

MICHAEL D. TERRY
Georgia Bar No. 702582

terry@bmelaw.com
FRANK LOWREY VI
Georgia Bar No. 410310
lowrey@bmelaw.com
BONDURANT MIXSON & ELMORE
1201 W. Peachtree Street NW
Suite 3900
Atlanta, Georgia 30309

***Attorneys for Plaintiffs***