IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JAMES EDWARD ("Dusty") BROGDON, Jr., as Executor of the Estate of Debra Sue Mills, deceased, and JAMES EDWARD BROGDON, Jr., and RONALD BRIAN ("Rusty") BROGDON, Individually and as surviving children of Debra Sue Mills, <br><br> and <br><br> JAMES EDWARD BROGDON, Jr., as Executor of the Estate of Herman Edwin Mills, deceased, and JASON EDWIN MILLS, Individually and as surviving child of Herman Edwin Mills, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO. 4:23-cv-00088-CDL |

## PLAINTIFFS' MOTION TO MODIFY OR RECONSIDER TEXT ORDER 416 TO STATE THAT DOC. 414 IS FULLY UNRESTRICTED

As directed by the Court's September 10 notice of deficiency, Plaintiffs respectfully request that the Court modify or reconsider Text Order 416 so that it orders that Doc. 414 is fully unrestricted.

On August 13, Plaintiffs filed a motion to unrestrict Doc. 414. *See* Doc. 415. That same day, the Court entered Text Order 416 granting Plaintiffs' motion "to the following extent: Any materials ordered with access restricted to counsel and the parties shall be accessible by mediator

1

Coogler." That is full text of the Court's Order. The Court did not deny Plaintiffs' motion to unrestrict to any extent. The Court did not hold that Doc. 414 would remain restricted indefinitely.

The Court's prompt issuance of Text Order 416 permitting Mediator Coogler access to the contents of that document made perfect sense at the time. On August 13, the parties were actively engaged in the mediation of the case. The parties' deadline to advise the Court about whether the case had settled was August 23, a mere 10 days later. It made sense for Mediator Coogler to be able to review Doc. 414 before the motion to unrestrict became ripe, given Doc. 414 described Ford's misconduct with respect to its post-verdict interrogation of jurors and misrepresentations to the Court and was thus relevant to the settlement of the case. Ford's deadline to respond to Plaintiff's motion to unrestrict Doc. 414 was September 3. If the Court had waited until September 3 to unrestrict Doc. 414 in any regard, Mediator Coogler would not have had the benefit of the contents of that document as he assisted the parties in bringing this case to a resolution.

Since Text Order 416 did not deny Plaintiff's motion to unrestrict Doc. 414 and left open the question of whether Doc. 414 would be fully unrestricted, Plaintiff's counsel assumed the Court would fully rule on the motion after Ford responded on September 3. Ford did not oppose Plaintiffs' motion to unrestrict. On September 9, Plaintiffs filed a notice advising the Court that Plaintiffs' motion to unrestrict is unopposed.

In response, a notice of deficiency was entered stating that Plaintiffs were required to file a motion for reconsideration of Text Order 416.

Plaintiffs' counsel candidly inform the Court that it did not cross their minds to file a motion for reconsideration of Text Order 416, since that Order granted Plaintiff's motion to

2

unrestrict to the extent Doc. 414 could be shared with Mediator Coogler did not deny Plaintiffs' motion to unrestrict in any way.

Plaintiffs have good cause for requesting that Text Order 416 be modified to state that Doc. 414 is fully unrestricted

Doc. 414 was filed under "restricted access" only in an abundance of caution. Doc. 414 did not quote any of the transcripts of juror recordings filed by Ford and only described limited information from these transcripts. Doc. 414, in fact, included much less specific descriptions of the juror transcripts than Ford's July 31, 2025 filing, Doc. 411, which was not filed with restricted access. Doc. 414 does not include any personal identifying information regarding any juror.

Ford does not oppose Plaintiff's motion to unrestrict Doc. 414. Ford's deadline to respond to that motion was September 3, 2025. L.R. 7.2. Ford did not file a response.

Unrestricting Doc. 414 is required by common law and the First Amendment, both of which provide a right of access to judicial proceedings and judicial documents.[1] The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citation omitted). That's because "the operations of the courts" is "of utmost public concern." *Id.* "This preference for public access is rooted in the public's first amendment right to know about the administration of justice." *Gubarev v. Buzzfeed, Inc.*, 365 F.

---

[1] The First Amendment provides a right of access to a judicial proceeding or record: (1) that has historically been open to the press and general public; and (2) where public access plays a significant positive role in the functioning of the particular process in question. *Courthouse News Serv. v. Forman*, 606 F. Supp. 3d 1200, 1211 (N.D. Fla. 2022) (citation omitted) (holding that a First Amendment right of access applies to non-confidential civil complaints). Judicial records are presumptively public, and the public interests at stake make public access to this filing particularly important as it shines a light on Ford Motor Company's mistreatment of the American citizens from the Middle District of Georgia who served as jurors in this case in an effort to impeach a sacrosanct jury verdict.

Supp. 3d 1250, 1255 (S.D. Fla. 2019) (internal citation omitted).  Judicial records are presumptively public, and any effort to "withdraw[] an element of the judicial process from public view . . . requires rigorous justification." *Mainsail Parent, LLC v. Jewell*, No. 24-22875-CIV, 2024 WL 4485972, at *1 (S.D. Fla. Aug. 6, 2024) (citation omitted).

When addressing whether to permit a filing to be sealed, courts must consider whether the information involves public concerns.  *Gubarev*, 365 F. Supp. 3d at 1256.  The right to trial by jury is guaranteed by the Seventh Amendment of the United States Constitution.  Ford's so-called "investigation" of the jurors who did nothing more than perform their duties as jurors implicates the operation of our Nation's jury system.  It is difficult to imagine anything more important to our system of government and the liberty we enjoy as Americans than that system.  "As John Adams put it, the founders saw representative government and trial by jury as 'the heart and lungs' of liberty." *Erlinger v. United States*, 602 U.S. 821, 829, 144 S. Ct. 1840, 1848, 219 L. Ed. 2d 451 (2024) (Letter from Clarendon to W. Pym (Jan. 27, 1766), in 1 Papers of John Adams 169 (R. Taylor ed. 1977)). "Without them," he wrote, we "have no other fortification against being ridden like horses, fleeced like sheep, worked like cattle, and fed and clothed like swine and hounds." *Id.* (same citation, quotation marks omitted).

Ford's misconduct with respect to the jurors in this case is a matter of public concern. Doc. 414 describes Ford's misconduct.  Ford has not disputed a single word contained in Doc. 414.

Plaintiffs note again that Ford filed its own Doc. 411 unrestricted, despite the fact that *unrestricted public filing* referenced the contents of the transcripts Ford made of its juror interrogations after the Court ordered those transcripts filed.  It would be unfair to allow Ford to

4

mischaracterize the contents of those transcripts to the public in Doc. 411 while preventing the public from being able to review Plaintiff's Doc. 414.

Because Plaintiffs' motion to unrestrict Doc. 414 is *unopposed*, because the First Amendment and common law jurisprudence so requires, and for the sake of basic fairness, Plaintiffs ask the Court lift restricted access to Doc. 414.

Respectfully submitted, this 11th day of September, 2025.

>*/s/ Ramsey B. Prather*
>JAMES E. BUTLER, JR.
>Georgia Bar No. 099625
>jim@butlerprather.com
>RAMSEY B. PRATHER
>Georgia Bar No. 658395
>ramsey@butlerprather.com
>DANIEL E. PHILYAW
>Georgia Bar No. 877765
>dan@butlerprather.com
>ALLISON B. BAILEY
>Georgia Bar No. 478434
>allison@butlerprather.com
>BUTLER PRATHER LLP
>105 13th Street
>Post Office Box 2766
>Columbus, GA 31902
>(706) 322-1990
>
>LARAE DIXON MOORE
>Georgia Bar No. 223379
>lmoore@pagescrantom.com
>PAGE SCRANTOM SPROUSE TUCKER & FORD
>1111 Bay Avenue 3rd Floor
>P.O. Box 1199
>Columbus Georgia 31902
>(706) 324-0251
>
>MICHAEL D. TERRY
>Georgia Bar No. 702582
>terry@bmelaw.com
>FRANK LOWREY VI

        Georgia Bar No. 410310
        lowrey@bmelaw.com
        BONDURANT MIXSON & ELMORE
        1201 W. Peachtree Street NW
        Suite 3900
        Atlanta, Georgia 30309

        ***Attorneys for Plaintiffs***